## Black's Appeal.

Where several distributees agreed in writing that the administrator of their intestate should settle certain obligations and claims in favour of the estate, against one of the distributees, upon such terms as should seem most desirable to him, and he believing them to have been paid, delivered them up to be cancelled, the administrator could not be afterwards charged with the amount of such obligations in the settlement of his account, at the instance of one who was a party to the agreement.

In settling the dispute, he was not an arbitrator, but acting in the line of his duty as an administrator, and as such is protected by the agreement of the heirs, and not responsible for an error of judgment.

APPEAL by Mrs. Julia Ann Black, from the decree of the Orphans' Court of *Washington county*, confirming the report of an auditor, distributing the amount in the hands of William Workman, administrator of Jacob Schaeffer, deceased.

The deceased left issue, two daughters, the appellant and Louisa Thompson, and a granddaughter named Mary Ringland, issue of Charlotte Ringland, deceased, a daughter of the intestate, and for whom Colin M. Reed was guardian. Shortly after the death of Jacob Schaeffer, difficulties occurred in the administration of his estate, growing out of claims which he held against his daughters, and of demands which they made upon his estate. To enable the administrator to settle, the heirs signed the following agreements:

"For the purpose of closing the estate of Jacob Schaeffer, deceased, as speedily as possible, and preventing further delay, expense, and litigation, we do hereby authorize William Workman, administrator, to settle all disputed claims for and against said estate on such terms as will seem most desirable to him, and on the basis of such adjustment to settle his account, and make distribution of the whole estate in his hands. It is understood that this authority embraces all claims held by the estate against Mrs. Ringland, for notes given .by her to her father, or claims against her paid by him, which claims said administrator is to adjust and dispose of as to him may seem just and equitable.

"Witness our hands this 13th of December, 1853.
                              "C. M. REED,
                        "Guardian of Mary Ringland.
                              "JULIA ANN BLACK,
                              "GEORGE BLACK."

"I hereby assent to the cancellation and extinguishment of the claims in the hands of William Workman, administrator of the estate of Jacob Schaeffer, against Charlotte Ringland in her life-

time, and that the distribution of the estate of said Jacob Schaeffer shall be made as if such claims had never existed.

"Witness my hand, December 22, 1853.

"Attest:                                     "LOUISA THOMPSON."

"JAS. WATSON."

The administrator at this time held notes and obligations given to the intestate by Charlotte Ringland, and paid by him for her, to the amount of $516.07, and also various claims against Mrs. Thompson and her husband. Mary Ringland's guardian alleged that Jacob Schaeffer, in his lifetime, had been the guardian of Mary, and that in right of her father, who was deceased, she was entitled to $3000 in Natchez, which had been lost through the intestate's neglect. Mrs. Thompson and her husband made a claim, the amount of which did not very distinctly appear, for various services rendered to her father. In pursuance of the agreements above recited, the administrator delivered up to Mr. Reed, the guardian of Mary Ringland, the claims he held against her mother, and also the claims against Mrs. Thompson and her husband; they at the same time relinquishing their claims against the estate. The administrator filed his account, showing a balance in his hands of $8203.38, which was confirmed by the Orphans' Court in February, 1854; and at the May Term following, an auditor was appointed to make distribution. Before the auditor, the appellant contended that Mary Ringland should be charged with the several claims which the intestate had held against her mother, Charlotte Ringland, and which the administrator had delivered up. The appellees relied upon the agreements, and the settlements made by the administrator in pursuance of them.

The auditor sustained the settlements made by the administrator upon these disputed claims, and reported an equal distribution of the balance of the account among the three heirs.

To this report the appellant, Julia Ann Black, filed exceptions. The Orphans' Court overruled these exceptions, and confirmed the report of the auditor; and an appeal was taken to this Court.

*Acheson, Wilson, Montgomery*, and *Gibson*, for appellant.

*Wm. McKennan*, for appellee.

The opinion of the Court was delivered by

BLACK, J.—The appellee was administrator of Jacob Schaeffer, deceased. The appellant, who is one of the distributees, sought to charge him in his account with certain obligations and notes given up by him and cancelled. The Court refused to permit it, and we think rightly, for this most conclusive reason: The obliga-

[Black's Appeal.]

tions and claims in question were disputed, and their justice denied by another member of the family. To save a contest unseemly and disagreeable, the appellant, as well as the other distributees, agreed in writing that the administrator should settle them on such terms as should seem most desirable to him. He did so by giving up the claims. It is not doubted that he acted in good faith, or that he cancelled the notes because he thought they had already been paid. But the appellee thinks that she ought to be permitted to charge him notwithstanding, on the ground that his act was wrong, and that he was merely an arbitrator between the heirs, with his authority revoked at the time his award was made. He was not an arbitrator. In settling or compromising the dispute he was in the line of his duty as an administrator, and the paper which the heirs gave him was sufficient to protect him from responsibility for an error of judgment.

Decree affirmed.